In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance Appellant, for an Order to Take Possession of the Property of the NEW YORK TITLE AND MORTGAGE COMPANY.

CENTRAL HANOVER BANK AND TRUST COMPANY,
Respondent.

(Argued June 8, 1934; decided July 3, 1934.)

34

*Lawrence S. Greenbaum, Jonas J. Shapiro, Theodore S. Jaffin* and *Benjamin Kaplan* for appellant.

*Albert Stickney, John M. Perry* and *Francis S. Bensel* for respondent.

CRANE, J.   Order of the Appellate Division and that of Special Term affirmed on the authority of the companion case (*Matter of People* [*Lawyers Title & Guaranty Co.*], 265 N. Y. 20).   We agree that the omission of the words " until the breach or termination of this guaranty " from the policy in question does not change the effect of the policy.   The implication is as plain as if the words were used.   The company agreed to pay the interest at the times specified and the insured agreed to give the company full control of the mortgage.   When the company failed to do its part the mortgagee was almost of necessity required to assume the management and service of its property.

In the former case the assignment of rents occurred after the default in the payment of taxes.   Here the assignment took place in 1931 and the taxes became due and remained unpaid in 1932.   All of this time the company collected the rents and failed to pay the taxes. Its duties under the policy are explained in the opinion in the other case.

At the times when the New York Title and Mortgage Company reimbursed itself for the interest payments

during the years 1931 and 1932 taxes were in arrears and unpaid upon the mortgaged premises. In fact penalties amounting to $7,238.38 had run up and were paid out of the rents by the company. As before stated, the company since 1931 took the rents; it should have paid the taxes before it reimbursed itself for interest money paid out on its contract. The balance over the taxes for the year, if any, it could keep for these interest payments, but it could never pay itself before the taxes were paid. The penalties were inexcusable if the company had received enough income to pay the taxes.

We understand the order below to have referred the accounting to determine what amounts are allowable to the company for taxes paid, less the penalties, if the company took the rents and failed to pay the taxes; also the amounts to allow the company out of the rents collected for reimbursement, when the rents collected exceeded all taxes due. In round figures I estimate that from the time of the assignment up to June 5, 1933, the taxes due were about $124,237, and interest charges $175,038. The net rent income to the said date was about $200,000; that is about $100,000 less than interest and taxes. As the company has paid the interest to the mortgagee up to June 5, 1933, it has reimbursed itself at the expense of the taxes. The guarantor did not have to pay the taxes by its policy of insurance; all it agreed to do was to enforce payment by proper proceedings. This it did when it took over the management of the property and collected the rents. As said before, taxes, the first lien, come first. Therefore, on the accounting the company must be held to have received in trust the moneys sufficient to have paid the taxes and water charges in full to June 5, 1933. As in this case, the rents received exceeded the taxes, the balance over and above the taxes paid when due should be allowed the company for its advanced interest, as stated in the opinion in the *Lawyers Title & Guaranty Co.* case. If these moneys have been commingled, the

same remedy will be followed. In other words, each case depends largely on its own facts.

With this reading of the order below, we affirm it, and answer the questions so far as possible. What we have here written applies up to the time the company breached its contract by failing to pay interest due June 5, 1933, unless it has paid taxes since.

The order should be affirmed, with costs.

The first, fourth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth questions certified are answered in the affirmative. " Yes, provided all taxes were paid," is the answer to the second, third, sixth and sixteenth questions. The fifth and eighth are answered in the negative.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Order affirmed, etc. (See 265 N. Y. 287.)