**In re PRUDENCE BONDS CORPORATION.**
**RADIN v. CHEMICAL BANK &**
**TRUST CO. et al.**
**No. 259.**

Circuit Court of Appeals, Second Circuit.
Feb. 11, 1935.

Harry H. Oshrin and Nathan Stieglitz, both of New York City, for appellant.

Cotton, Franklin, Wright & Gordon, of New York City (Paul W. Williams, of New York City, of counsel), for Chemical Bank.

Charles H. Kelby, of New York City (Clinton J. Ruch, of New York City, of counsel), for Kelby and others.

Archibald Palmer, of New York City (Harry D. Glicksman, of New York City,

on the brief), amici curiæ for intervening creditors.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The debtor in this case had issued a series of collateral bonds, secured by the pledge to a trustee of a large number of bonds and mortgages. It filed its petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207), and the court appointed temporary trustees in reorganization, but no plan has as yet been proposed. Radin, the holder of one of these bonds, filed a suit in the state court on behalf of herself and all others similarly situated against the trustee of the pledge for an accounting of income from the pledged mortgages, and for an injunction against disposing of their principal or income. The judge stayed the prosecution of this suit on petition of the trustee of the pledge and the bondholder appealed.

■ The powers of the bankruptcy court upon the approval of a petition under subdivision (a) of section 77B (11 USCA § 207 (a), are defined as follows: It shall "have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exercise all the powers * * * which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature." A much later provision, subdivision (o), § 77B (11 USCA § 207 (o), declares that "the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved." It is clear both from the language used in these subdivisions, and from the consequences of a contrary ruling, that Congress did not intend the bankruptcy court in proceedings under section 77B to take over all litigation between the debtor and third persons. Merely for argument we will assume that controversies are justiciable in such a proceeding to exactly the same extent as in bankruptcy stricti juris; that an "adverse holder" whose claim is not colorable, may insist upon being sued elsewhere; and that if the debtor has an in-

terest in a suit pending in a state court, it or its trustee must intervene. If so, since this stay is permanent, and not merely to give the debtor or the trustee a chance so to intervene, it can be defended only in case the pledge may eventually fall within the jurisdiction in invitum of the bankruptcy court, and also in case the state suit will interfere with that power. That the state suit will so interfere, appears clearly enough from the complaint, which demands "that a proper distribution and allocation be made of the income of the trust property in the hands of the defendant and to the certificate holders in proportion to the face amount of the" (sic) "certificates as are held by them." That proposes a disposition of part of the pledge, and cannot be tolerated if the bankruptcy court has any jurisdiction itself to dispose of it.

■ A pledgee in possession of the pledge may stand aside from the ordinary bankruptcy proceeding; although he is a creditor, he is exempt from the jurisdiction of the bankruptcy court, which must have possession, real or "constructive," to adjudicate his rights in invitum. Taubel, etc., Co. v. Fox, 264 U. S. 426, 433, 434, 44 S. Ct. 396, 68 L. Ed. 770. Although it may stay him in order to give the trustee in bankruptcy a chance to intervene, that power, as we have just said, will not serve here. But the pledgee at bar though in possession is not an ordinary pledgee; it is a trustee, bound by the terms of the deed to act only in the interest of its beneficiaries, the bondholders. Again for argument we will assume that its consent to the jurisdiction of the bankruptcy court would be invalid, were it preparatory to a surrender of the pledge in violation of the terms of the deed; and that even a single bondholder might successfully interpose. Since the whole purpose of a reorganization proceeding is to avoid the deed and to dispose of the pledge in violation of its terms, Radin is in effect asserting the rights of the beneficiaries in accordance with the deed; and the trustee of the pledge is trying to pave the way for its repudiation. Radin is right, unless the law has effectively intervened. It has; section 77B contemplates just what the trustee seeks, for it provides that a two-thirds majority may with the court's approval coerce the minority and force a new arrangement upon it. If it is valid, the minority will, in the event that a plan is approved, lose any power to protest, and the majority which will favor the plan may

lawfully consent to, and indeed insist upon, the jurisdiction of the bankruptcy court over the pledge; subdivision (o) will then apply. The order at bar is merely ancillary to such a possibility; to preserve the pledge pendente lite; to prevent its dissipation in accordance with the terms of the deed. In re Chicago, R. I. & Pac. R. Co., 72 F.(2d) 443 (C. C. A. 7). Thus we need not rely upon the general grant of jurisdiction over all the bankrupt's property in subdivision (a); though perhaps that too would be alone enough. As to the constitutional power to force the recalcitrant minority into a plan of reorganization, we refer to our opinion in Re Central Funding Corporation, 75 F.(2d) 256.

Order affirmed.