In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, February 20, 1935.

*Davies, Auerbach & Cornell* [*Julian T. Davies* and *Ralph C. Williams, Jr.*, of counsel], for the petitioner, for the motion.

*Harry Rodwin* [*Joseph J. Corn, Jr., Irving H. Jurow* and *Joseph Lapidus* of counsel], for the Superintendent of Insurance of the State of New York, as rehabilitator of New York Title and Mortgage Company, opposed.

FRANKENTHALER, J. This is an application by the owner of a mortgage guaranteed by the New York Title and Mortgage Company for an order (a) declaring terminated the exclusive agency conferred upon the title company in the guaranty issued by it, and (b) permitting the petitioner to exercise all the rights of a mortgagee in connection with said bond and mortgage.

Although there are no arrears in either interest or taxes, the principal has been in arrears for a period of more than eighteen months subsequent to the petitioner's demand upon the company for payment.

If there were present here arrears of interest or taxes there would be no doubt about the petitioner's right to terminate the agency and resume control of its bond and mortgage. In *Matter of Central Hanover Bank & Trust Co.* (149 Misc. 488; affd., 241 App. Div. 807; affd., 265 N. Y. 30) I held that the agreement granting an exclusive agency to the guaranty company " is instinct throughout with the thought that the privileges conferred upon the company by petitioner are conditioned upon the company's continued performance of its guaranty " and that " a construction of the guaranty which would permit the exclusive agency of the company to continue despite its failure to perform its obligation under the guaranty would place petitioner at the mercy of the

company " (pp. 493, 495). The claim that the performance of the guaranty was excused by reason of regulations issued by the Superintendent of Insurance which forbade guaranty companies from paying principal and interest except out of collections made from mortgagors was disposed of as follows (p. 496): " We may assume, without deciding, that the company may not be held liable for breach of contract in so far as its failure to perform the terms of the guaranty occurred after the issuance of the regulations referred to. This does not mean, however, that it may also retain exclusive control of the enforcement of petitioner's bond and mortgage, for it was clearly the intent of the parties that the exclusive agency was to exist only as long as the company continued to perform." In *Matter of City Bank Farmers Trust Co.* (149 Misc. 498; affd., 241 App. Div. 808; affd., 265 N. Y. 20) I likewise declared that (p. 505) " it is an *implied* condition of the continued existence of the guarantor's exclusive agency that the latter continue to perform its guaranty." In affirming, the Court of Appeals expressed the same views (265 N. Y. 20, 26): " The Superintendent of Insurance has no right of property in the mortgage and the company's failure to keep its agreement, even if justified by his orders, does not compel mortgagees to put up with incomplete service. The agency ends when the agent no longer can act as it agreed to do unless the persons interested acquiesce in the new arrangements."

In the very recent case of *Pres., etc., of Manhattan Co.* v. *Prudence Co.* (266 N. Y. 202) the Court of Appeals similarly held that even if it be assumed that the guarantor's default in respect to interest was due to a regulation issued by the Banking Department for the observance of which the guarantor could not be held liable, the owner of the bond and mortgage was none the less entitled to terminate the agency which had been conferred upon the guarantor in consideration of its compliance with its guaranty. The opinion of the court states (at p. 209): " We may assume that the guarantor would have paid such interest if the Banking Department had permitted it to do so. Its failure is, then, not due to its own fault and gives rise to no present cause of action against it upon its guaranty. None the less, the conditions for the continuance of its agency to collect interest and principal on the securities in the trust fund have failed. The principal obligation has not been complied with and the guarantor failed to fulfill its obligation in said guaranty. Title to the securities in the trust fund is in the trustee for the benefit of the bondholders. So long as interest on the bonds was paid by obligor or guarantor the trustee and bondholders were willing and agreed to permit the obligor or guarantor to collect and retain the interest on the securities

which constitute collateral security for the payment of the bonds. To permit the obligor or guarantor to continue to collect and retain this interest, accruing upon the mortgage or the trust fund, when payment of interest on the bonds, secured by the trust fund, has not been made would be contrary to the intent of the parties; contrary to the language of the agreement and contrary to the dictates of justice and equity even though the guarantor is not at fault. Though, perhaps, the defendants should not be penalized for act or omission dictated by the law of the State, it is, nevertheless, clear that they may not collect, and hold as their own, interest upon securities to which they have no legal title which has been collected by them as agents, after the conditions upon which the agency was predicated have been defeated by law. So we held in *Matter of People (Lawyers Title & Guaranty Co.)* (265 N. Y. 20) and *Matter of People (New York Title & Mortgage Co.)* (265 N. Y. 30). * * *

" The defendants were permitted to collect moneys on the mortgages in the trust fund only so long as interest was paid on the bonds. When interest ceased to be paid the agency ceased (p. 212)."

The reasoning in the cases referred to applies with equal force to the situation presented upon the instant application. It is true that the moratorium laws (Civ. Prac. Act, §§ 1077-a–1077-g) prevent the maintenance at this time of an action to enforce payment of the principal due under the bond and mortgage. It is likewise a fact that by virtue of said statutes no action may successfully be maintained against the guarantor to enforce its guaranty of the principal. It does not follow, however, that the guarantor may retain possession of the valuable, exclusive agency conferred upon it by the petitioner and at the same time fail or refuse to pay the most substantial portion of the consideration which it promised to the petitioner in return for the exclusive agency.

The Superintendent of Insurance seeks to draw a distinction between cases where the guarantor's default is in the payment of interest and taxes and a situation such as this, where the only default of the guarantor relates to the payment of principal. The only possible basis for any such distinction is to be found in the provisions of sections 1077-a and 1077-b of the Civil Practice Act, which extend the maturity date of bonds secured by mortgages of real property until after the expiration of the emergency declared in those sections. A reading of the moratorium statutes as a whole, however, convinces this court that the provisions extending the maturity dates of indebtedness secured by mortgages on real property were not intended to have any such far-reaching effect as the Superintendent of Insurance seeks to ascribe to them. The

purpose of the statutes in question was merely to stay the enforcement of guaranties of such indebtedness during the period of the emergency in the absence of defaults in the payment of principal or installments of principal. There is nothing in the moratorium legislation to indicate that the Legislature intended to permit a guarantor of a bond or mortgage belonging to another to retain the exclusive control thereof without complying with the conditions upon which such control was conferred upon it. The purpose and object of the moratorium laws are fully satisfied by preventing the owner of a bond and mortgage, during the period of the emergency, from maintaining an action to foreclose or an action for a money judgment for non-payment of principal or installments of principal. The scope and effect of the statutes should not be extended, in the absence of express language to that effect, to deprive the owner of a bond and mortgage of his right to possession and control of the same in violation of the terms of the contract pursuant to which such possession and control was conditionally conferred upon another.

The moratorium laws do not apply to all indebtednesses but only to those secured by mortgages on real property. They proceed upon the premise that the owner of the bond and mortgage is in possession thereof and is, therefore, sufficiently protected during the existence of the emergency by receipt of all interest due upon the bond and mortgage. If the exclusive agency heretofore granted to the guarantor were to be permitted to remain with the latter despite its failure to pay past due principal after the expiration of the eighteen months' period of grace, the petitioner would not receive all the interest due from the owner. While the agency continues the guarantor is deducting from the interest of six per cent per annum one-half of one per cent for its services and remitting to the petitioner only the balance of five and one-half per cent per annum. If this condition is allowed to persist the result will be that the guarantor will continue to retain the valuable agency and a fee of one-half of one per cent per annum of the principal amount of the mortgage although, as a practical matter, the guarantor will probably never comply with its guaranty, it being almost certain that the liquidation of the guarantor is imminent.

In the opinion of the court, the provision extending the maturity dates of indebtedness secured by mortgages on real estate was intended merely to fix a definite time subsequent to the emergency for the expiration of the indebtednesses whose enforcement was stayed, in order to minimize the possibility that the moratorium legislation might be regarded as invalid for indefiniteness or as impairing the obligations of contracts.

For the reasons indicated the motion is granted to the extent of declaring the agency terminated and permitting the petitioner to resume full possession and control of its bond and mortgage, without prejudice to such rights as it may otherwise have to enforce the policy of guaranty or recover for its breach. Settle order.