77 F.2d 308 (1935)
In re COMMONWEALTH BOND CORPORATION.
EVANS
v.
MANN.
No. 423.
Circuit Court of Appeals, Second Circuit.
May 6, 1935.
Daniel A. Shirk, of New York City, for appellant.
McManus, Ernst & Ernst, of New York City (Irving L. Ernst and Lester D. Melzer, both of New York City, of counsel), for appellee Mann.
Before L. HAND, SWAN, and CHASE, Circuit Judges.
L. HAND, Circuit Judge.
The debtor, Commonwealth Bond Corporation, a Delaware company, filed a petition in bankruptcy in the District Court of Delaware under section 77B of the Bankruptcy Act (11 USCA § 207); the proceeding has been removed to the Southern District of New York. Evans, the moving party in the court below and the appellant here, is the owner of a "participation certificate" for $1,000 in a bond and mortgage issued by a New York company, known as "No. 2166 Broadway Corporation." The mortgaged property was a parcel of land in Manhattan, called "Hotel Manhattan Towers"; the mortgagee was a trust company which held the bond and mortgage in trust for the "certificate holders." The mortgage fell into default and a successor of the original trustee foreclosed. The debtor now at bar then intervened. Having originally acted as broker for the mortgagor in the sale of the "certificates," it had a list of the holders and offered to act for them as a "committee" to protect their interests upon the foreclosure. A large number of them accepted its offices, and deposited *309 their "certificates" with it under an agreement by which it was to act as their agent or trustee; the exact relation was left somewhat vague, but it was certainly fiduciary. It thereupon organized a new company, called "No. 2168 Broadway Corporation," and took title to the realty in its name upon the sale in foreclosure. Evans sued it in the state court by bill in equity, filed on behalf of himself and all others similarly situated, praying that it be ousted as trustee under the deposit agreement and that the property be taken out of its hands. The gravamen of the bill was that the debtor was unauthorized by the laws of New York to act in the premises, and that it had been delinquent in allowing a mortgage to be imposed on the property by the new owner, "No. 2168 Broadway." When the debtor, which had been engaged in a number of such undertakings, filed its petition in bankruptcy under section 77B, it got the usual ex parte stay of all suits against it, and it was to dissolve this, so far as it interfered with the prosecution of his suit, that Evans moved. The judge denied his motion and this appeal by leave followed.
If Evans or any other creditor of "No. 2166 Broadway Corporation" should in the future seek to establish a personal liability against the debtor as delinquent trustee, it may be entitled to a stay. The bill in the state court contains no such prayer unless it be the general prayer, and it is therefore now premature to enjoin any such prospective relief; but, should the occasion arise, the District Court will be as free to consider a motion to enjoin such an effort as though this case had not been decided. The real purpose of Evans' application is to be freed to prosecute his suit against the debtor only as trustee; to be allowed to remove it from that office and to have the court substitute someone else. In this he was clearly within his rights; the trust property is not the debtor's property, the "certificate holders" are not its creditors; no reorganization can include either. It is in no sense ancillary to the purposes of bankruptcy that the property of others should be administered along with the bankrupt's; his relations to trust property depend upon independent legal transactions, the adjudication of which is not necessary to the disposition of his personal estate; any more than his relations to a principal of whom he may be an agent. Guarantee B. & M. Co. v. Hilding, 290 F. 22, 29 (C. C. A. 6). Gamble v. Daniel, 39 F.(2d) 447 (C. C. A. 8), may appear contradictory, and perhaps it is; but we are disposed to think otherwise. It is true that the district court was affirmed in taking out of the very maw of a state court the property of an insolvent company subject to the Bankruptcy Act. Further, the court refused to limit its order to that part of the mingled assets which belonged to the bankrupt; it took the whole mass, that which it held personally along with that of which it was trustee. Yet that was not to assert a power to administer the fiduciary assets; it is an entirely rational distinction to insist that though the District Court may seize all the property and must do the separating itself, after separation it must remit the trust properties to the state court for administration. Right or wrong, Gamble v. Daniel went no further than the first step, which need not concern us here. Once it appears that the state suit does not touch the debtor's property and is not moved by one of its creditors, the suitor should not be impeded, for the adjustment of a bankrupt's relations as fiduciary with its beneficiaries in the future is no affair of the bankrupt court. So much for bankruptcy proper.
Section 77B has not lifted this limitation and indeed its constitutionality might be questioned if it assumed to do so. Subdivision (a), § 77B (11 USCA § 207 (a), does grant jurisdiction over "the debtor and its property wherever located," but that gives no color to such a power, for the trust property is not the debtor's; moreover, subdivision (o) grants only that jurisdiction which the court would have after adjudication upon a voluntary petition. It is quite true that we have recently several times decided that under this section the district court may in some circumstances control lienors who hold property of the debtor in their possession. In re Central Funding Corporation (C. C. A.) 75 F.(2d) 256; In re Mortgage Securities Corporation (C. C. A.) 75 F.(2d) 261; In re Prudence Bonds Corporation (Radin's Appeal) 75 F.(2d) 262 (C. C. A.). Such we understand to be also the ruling of the Supreme Court in Continental Illinois National B. & T. Co. v. Chicago, R. I. & P. Railway, 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. ___, under the kindred section 77. But the power so exercised was necessarily founded upon the possibility of bringing the security, suits against which were enjoined, within a plan of reorganization. Stays must be ancillary *310 to the main purpose of the proceeding and are not lawful when they cannot contribute to execution of the plan. Since property held by the debtor as fiduciary cannot be included, suits confined to its administration may not be stayed.
Order reversed.