In re PRUDENCE BONDS CORPORATION (PRESIDENT AND DIRECTORS OF MANHATTAN CO. et al., Appellants).

No. 388.

Circuit Court of Appeals, Second Circuit.

Aug. 8, 1935.

See, also, 79 F.(2d) 205; 75 F.(2d) 262; 77 F.(2d) 328.

Mudge, Stern, Williams & Tucker, of New York City (Joseph V. Kline, of New York City, of counsel), for appellant President and Directors of the Manhattan Co.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for appellant Brooklyn Trust Co.

Powell & Ruch, of New York City (Frederick J. Powell, of New York City, of counsel), for appellee debtor.

George C. Wildermuth, of Brooklyn, N. Y., for appellees Charles H. Kelby and Clifford S. Kelsey, trustees of debtor.

Archibald Palmer, of New York City (Harry D. Glicksman and Sydney Basil Levy, both of New York City, on the brief), for appellees intervening creditors.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On June 29, 1934, Prudence-Bonds Corporation, existing under the Stock Corporation Law of New York (Consol. Laws N. Y. c. 59), filed a petition for reor-

214

ganization under section 77B of the Bankruptcy Act (11 USCA § 207). The petition was approved on the same day, with the usual clauses providing for a stay of suits pending against the debtor and for an injunction against the enforcement of liens upon its property. The debtor had outstanding eighteen issues of bonds and fifty-four issues of mortgage participation certificates. Each of the bond issues is secured by a trust indenture under which the debtor assigned to the indenture trustee real estate mortgages. The appellant Brooklyn Trust Company is trustee under an indenture securing the bond issue known as the "eighth series" of the debtor's first mortgage collateral 5½ per cent. bonds. Each issue of certificates represents undivided participating interests in a bond and mortgage which have been deposited by the debtor with a bank or trust company as depositary. The appellant Manhattan Company, as depositary under an agreement and by assignment from the debtor, holds title to the underlying bond and mortgage on Hotel Taft against which were issued participation certificates known as the Taft issue. The debtor is under no obligation to pay principal or interest of the certificates. They are guaranteed by Prudence Company, Inc., an affiliate of the debtor. At the date the petition was filed, there was pending in the Supreme Court of New York a suit by the Manhattan Company to foreclose the Taft mortgage and to recover from the Prudence Company, Inc., on its guaranty of the Taft certificates. On November 22, 1934, after a hearing on the petition of counsel for certain bondholder creditors of the debtor to determine the court's jurisdiction under section 77B over the fifty-four certificate issues, the District Court entered an order upholding its jurisdiction over the "outstanding mortgage participation certificate issues of the Debtor, as well as its outstanding issues of bonds." The Manhattan Company appeared specially to oppose the taking of jurisdiction over the Taft certificates and the Taft mortgage. Thereafter, on December 21, 1934, the court denied a petition of the Manhattan Company for leave to intervene generally, for modification of the order staying pending suits so as to allow the continuance of its foreclosure action, and for modification of the order of November 22, 1934, so as to exclude the Taft certificates and the

Taft mortgage from the court's jurisdiction. The petition to intervene was granted for the limited purpose of empowering the Manhattan Company to appeal from the order of November 22. The Manhattan Company thereupon appealed from both orders. Brooklyn Trust Company has appealed from the order of November 22.

The jurisdiction of the District Court to entertain any plan of reorganization which includes the Taft certificates is challenged on the ground that the holders thereof are not creditors of the debtor and that the debtor has no property interest in the underlying bond and mortgage on the Hotel Taft property. For an understanding of the facts concerning the Taft mortgage and the Taft certificates, it is necessary to explain briefly the relations of the debtor and Prudence Company, Inc. The latter is an "investment company" organized under the New York Banking Law. Both it and the debtor are stock-controlled subsidiaries of another New York corporation, New York Investors, Inc. The business of Prudence Company was to acquire real estate mortgages and sell them to the investing public. Prudence Company made a loan to the owner of the Hotel Taft property, taking the borrower's bond secured by mortgage. For convenience both the bond and mortgage are referred to as the Taft mortgage. Prudence Company assigned the Taft mortgage to the debtor, who assigned it to the Manhattan Company as depositary under an agreement with the debtor, and issued against it participation certificates which were delivered to Prudence Company and by it sold to the public with its guaranty of payment of principal and interest. The debtor assumed no obligation with respect to the payment of the Taft certificates. It reserved to itself the option, on thirty days' notice, to redeem them before maturity upon payment of the principal amount and interest accrued to the date of redemption. The Taft mortgage bore interest at the rate of 6 per cent. per annum, while the rate on the certificates was one-half of 1 per cent. less. This difference was reserved by the debtor and was payable to Prudence Company as a premium for its guaranty and so-called "servicing" of the mortgage. Under the deposit agreement with the Manhattan Company, the debtor was appointed agent

of the depositary (the power of revocation being reserved) to collect the interest payable on the Taft mortgage and to disburse the interest payable on the Taft certificates. By agreement between the debtor and Prudence Company, the collecting and disbursing was done by the latter. Any profits on the sale of the certificates and any excess of interest collected over interest disbursed were likewise retained by Prudence Company. The debtor pays no salaries or wages, maintains no separate offices, and has no overhead expense of any kind. It was used as the medium for the issuance of the Taft certificates so that they could be guaranteed by Prudence Company and sold on the strength thereof. All profits resulting from the operations of the two affiliates accrued to Prudence Company. In October, 1932, the Manhattan Company duly revoked the agency of the debtor to collect and disburse interest. The appellant's brief states that at no time since such revocation has there been available any sum in excess of the 5½ per cent. due to holders of Taft certificates. On July 5, 1933, the Manhattan Company instituted the aforesaid foreclosure action which it desires to be allowed to prosecute.

The District Court apparently considered that holders of Taft certificates were creditors of the debtor within the definition of "creditors" contained in section 77B (b) of the Bankruptcy Act (11 USCA § 207 (b), and consequently any property held by the Manhattan Company for their benefit could be reorganized in this proceeding. With that conclusion we are unable to agree. The statutory definition is as follows:

"The term 'securities' shall include * * * certificates of beneficial interest in property. * * * The term 'creditors' shall include * * * all holders of claims of whatever character against the debtor or its property. * * * The term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character. * * *"

Clearly the Taft certificate holders have no claim based on any obligation of the debtor to pay the principal of the certificates or interest thereon. This is conceded by the debtor. But it is urged that the debtor has contracted with the certificate holders as follows: (1) That the depositary will continue to hold the underlying mortgage for the benefit of the certificate holders; (2) that the debtor will disburse pro rata any collections received from the mortgage; (3) that outstanding certificates shall never exceed the amount of the mortgage; (4) that the debtor will pay the fees of the depositary; (5) that the share represented by any certificate shall not be subordinate to any other share; (6) that no share shall be subject to any prior interest in the mortgage; and (7) that the debtor will not assign any interest in the mortgage except by certificates authenticated by the depositary. Since the legal title to the Taft mortgage is held by the depositary in trust for the certificate holders, these undertakings are merely equivalent to a promise by the settlor of a trust that the trustee shall faithfully perform his trust and that the settlor will pay the trustee's fees and will do nothing to cast any cloud on the rights of the cestuis. If a trustee becomes bankrupt, the trust property is not administered in bankruptcy, In re Coffin, 152 F. 381 (C. C. A. 2); nor can it be reorganized if he files a petition under section 77B, In re Commonwealth Bond Corporation, 77 F.(2d) 308, 309 (C. C. A. 2). It seems equally obvious that a promise by the settlor of a trust that he will pay the fees of the trustee and that the trust will be faithfully performed cannot bring the trust property into the estate of the promisor for administration or reorganization in bankruptcy. It may be assumed that the certificate holders are creditors of the debtor with respect, for example, to its promise to pay the fees of the depositary, and that their rights as such creditors are subject to the jurisdiction of the court of bankruptcy, but by no means does it follow that their rights against the depositary are before the court or that the trust property may be reorganized in this proceeding. It is property of the debtor which the court administers in reorganization proceedings. The definition of "securities" as including "certificates of beneficial interest in property" undoubtedly means property of the debtor. Hence the question must be narrowed to whether the debtor has any property interest in the Taft mortgage.

The debtor contends that it has, because of its reservation of one-half of 1 per cent. in the interest payable there-

on, which it urges constituted it and the certificate holders tenants in common in such interest. Assignment of the legal title of the Taft mortgage to the Manhattan Company and the subsequent revocation of the debtor's agency on default of interest payments on the certificates, terminated its right to collect the interest. See People v. Lawyers' Title & Guaranty Co., 265 N. Y. 20, 191 N. E. 720; People v. New York Title & Mortgage Co., 265 N. Y. 30, 191 N. E. 723; Fearey v. Williams, 72 F.(2d) 263 (C. C. A. 2). The most that can be argued is that any surplus collected by the Manhattan Company above the interest payable to certificate holders will be held in trust for the debtor. Since October, 1932, there has been no such surplus. But, if there were, or if a surplus should arise hereafter, and we assume that the debtor has an interest in it, such interest would be simply that of a beneficiary entitled to an accounting from the trustee for a fractional part of the income collected from the trust property. Such a right cannot bring into the present proceeding the legal title to the trust property. The bankruptcy of a cestui que trust does not enlarge his rights in respect to the trust property; his trustee in bankruptcy takes only such beneficial interest as the bankrupt had. The rights of the holders of Taft certificates which it is desired to reorganize in the present proceeding are not rights against the debtor or rights in respect to the debtor's contingent beneficial interest in a fraction of the income of the trustees. They are rights in respect to the trust res itself; that is, rights, through the trustee, in the debt owed by the mortgagor to the trustee (the Manhattan Company) and secured by the Taft mortgage. If the mortgagor should file a section 77B petition, its debt and the security therefor would be a proper subject for reorganization in that proceeding. It is not in the present proceeding, for it is not the debtor's property. As well might it be argued that, if the debtor owned a share of stock in the United States Steel Corporation, the stock structure of that corporation could be reorganized in this proceeding.

Nor has the debtor any property interest in the mortgage because of its reservation of an option to redeem the certificates, in which event the mortgage would be reassigned to it. Until exercise of an option to purchase, no interest in the property subject to it is acquired by the option holder or his trustee in bankruptcy. For somewhat analogous situations, see Jacquard Knitting Machine Co. v. Vennell, 59 F.(2d) 496 (C. C. A. 3); In re Goldman, 102 F. 122 (D. C. S. D. N. Y.); In re Chaboya, 9 F. Supp. 174 (D. C. N. D. Cal.). Without intimating that the legal consequences would be different if the debtor's financial condition were such as to make possible an exercise of the option, it may be noted that statements in the debtor's petition as to its assets show conclusively that no such possibility exists.

We conclude, therefore, that the debtor has no such interest in the Taft mortgage as would give the court jurisdiction over it in this proceeding. It cannot be successfully argued that the mortgage was assigned to the depositary merely as security for the debtor's promise to pay the certificate holders, for there was no such promise. Nor was the assignment as security for the above-listed promises respecting performance of the trust. It follows that this property cannot be included in any plan or plans for reorganization of the debtor; hence it was error to stay the prosecution of the Manhattan Company's foreclosure suit.

■ We pass now to the appeal of the Brooklyn Trust Company. The initial contention is that no question of the court's jurisdiction with respect to the debtor's bond issues was properly before the District Court, since the petition on which the order of November 22 was predicated concerned only the issues of mortgage participation certificates. The appellees concede that the issue framed by the pleadings was so limited, but urge that by common consent the arguments and opinion below embraced both the bonds and the certificates, and that this court should adopt a similar course. The District Court stated that it had been "asked, among other things, to consider the question of its jurisdiction over the bondholders," and the question must accordingly be deemed properly before the court although not formally presented in the petition.

■ The procedure in respect to this issue of bonds was quite similar to that involved in the issue of the Taft certificates. The underlying mortgages were acquired by Prudence Company, assigned by it to the

debtor and assigned by the debtor to Brooklyn Trust Company, as trustee, as security for the debtor's bonds in an amount equal to the principal of the underlying mortgages, and the bonds were delivered to Prudence Company and by it sold to the public with Prudence Company's guaranty of payment. The essential difference between this issue and the Taft certificates is that the debtor assumed the obligation to pay its bonds and hence the conveyance to the trustee of the underlying mortgage was as security for this obligation. This court has twice so held. In re Prudence Bonds Corporation (Radin v. Chemical Bank & Trust Co.), 75 F.(2d) 262, 263; In re Prudence-Bonds Corporation, 77 F.(2d) 328, 330. See, also, President, etc., of Manhattan Co. v. Prudence Co., Inc., 266 N. Y. 202, 210, 194 N. E. 408. We find nothing in the New York decisions which casts doubt on the correctness of this view. Since the bondholders are secured creditors of the debtor, their rights in the security may be reorganized in this proceeding.

Objection is made that the order attempts to affirm the court's jurisdiction to entertain more than one plan of reorganization, and that in fact it is contemplated that a separate plan will be proposed for each series of bonds. This objection is disposed of in the opinion handed down herewith, entitled In re Prudence Bonds Corporation (Appeal of Chemical Bank & Trust Co.), 79 F.(2d) 205.

The appellant also contends that the order appealed from is erroneous in affirming jurisdiction over the debtor's issues of participation certificates. That the Taft issue was improperly included we have already decided. Not all of the issues of certificates were identical in form with the Taft issue, but we see no necessity of considering whether the order was erroneous in including other issues. If it was, it does not appear in what respect that will injure the present appellant. If there shall hereafter be proposed a plan which affects the Brooklyn Trust Company and improperly includes some issue of participation certificates over which the court has no jurisdiction, it will then be time to complain on this score.

In the appeal by the Manhattan Company the orders appealed from are reversed; in the Brooklyn Trust Company's appeal the order is affirmed.