**In re CHURCH E. GATES & CO.**

No. 291.

Circuit Court of Appeals, Second Circuit.

June 20, 1938.

Glass & Lynch, of New York City (Joseph Glass, Martin S. House, and Sidney Brandes, all of New York City, of counsel), for appellants.

Maurice Finkelstein, of New York City (Michael F. Dee and Louis Glickhouse, both of New York City, and Louis Timberg, of Brooklyn, N. Y., of counsel), for appellee Mortgage Commission of State of New York.

John K. White, of Brooklyn, N. Y. (Herrick & Feinstein, of Brooklyn, N. Y., of counsel), for respondent Feinstein Committee of Certificate Holders.

Harry I. Stein, of New York City, for appellee Church E. Gates & Co.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The debtor, a New York Corporation, was organized to, and did, engage in the business of dealing in lumber in the Bronx, in the City of New York. It owned real estate there which in 1935 was encumbered by a mortgage of which the Mortgage Commission of the State of New York had the legal title, possession and control by virtue of the provisions of Chapter 19 of the Laws of New York (1935), as amended, known as the New York Mortgage Commission Act, Unconsol.Laws, § 1751 et seq. This mortgage for the principal sum of $1,000,000.-00 had been executed by the debtor and delivered to the Title Guarantee and Trust Company which had sold certificates of participation therein that were guaranteed as to the payment of principal and interest by the Bond and Mortgage Guarantee Company. The latter and the debtor having defaulted, the Mortgage Commission took over the mortgage in May, 1935 for the benefit of the certificate holders under the above mentioned statute and as a part of its administration of the property afterwards secured a judgment of foreclosure in the state court with an order for sale on October 23, 1937. This sale was adjourned twice and then on

November 30, 1937 the Mortgage Commission bought in the mortgaged property for the benefit of the certificate holders. Before that and on or about August 27, 1937, the Mortgage Commission had brought an action in the New York Supreme Court, Bronx County, in the exercise of powers conferred upon it by the Mortgage Commission Act, to reorganize the mortgage and that proceeding is still pending.

On November 22, 1937, eight days before the foreclosure sale above mentioned, Sophie von Diessen, Rosalie Arthur and Julia A. Benedict, the appellants, who held certificates of participation in the mortgage of the face value of $4,000.00, brought this involuntary petition for the reorganization of the debtor under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The Mortgage Commission, before the debtor had filed an answer, obtained an order to show cause, returnable November 26, 1937, on which the proceedings now here for review were had and which resulted in an order dismissing the petition on the ground that it had not been filed in good faith. That is the order from which this appeal was taken.

The order is attacked by the appellants on the ground that the Mortgage Commission was not in the position of a creditor entitled to move to dismiss. Though we are inclined to agree since the certificate holders themselves are the creditors, In re Westover, Inc., 2 Cir., 82 F.2d 177, and In re Prudence Bonds Corporation, 2 Cir., 79 F.2d 212, that is not decisive on this appeal for at the hearing the debtor was permitted to join in the motion to dismiss. It clearly had the right to do that under 77B after it had filed its answer. No formal answer had been filed but an affidavit filed in behalf of the debtor was treated as an answer. Though this was extremely informal and not the sort of procedure which can be recommended, it was not alone reversible error. Yet as a necessary concomitant to such laxity as to procedural requirements it was essential to a fair exercise of judicial power that the judge preserve with care the right of parties in interest to have an adequate opportunity to oppose the motion to dismiss, in view of the change in the situation made by the filing of the debtor's answer, both by way of preparation for the hearing and the presentation of the facts at the hearing itself. It is in this respect that the order under review is erroneous for we cannot find that the rights of the appellants in the above respect were safe guarded.

The record of the hearing shows conversation in which the judge and the attorneys participated as well as argument by the attorneys. Statements of improper solicitation of the petitioning creditors were made and denied and apparently one of them had attempted to withdraw from the proceeding and then decided not to. But after the question of the need for an answer by the debtor arose and an affidavit was accepted as an answer, the attorney for the petitioning creditors requested "an opportunity to assemble proper proof to meet the answer, which was not presented to the Court until during the course of my argument". The judge reminded him that the "matter was marked ready for all purposes". The attorney protested that he had answered ready only on the order to show cause before answer and not as matters stood after the affidavit had been taken as the debtor's answer but the judge would brook no delay and dismissed the petition on the ground that it had not been filed in good faith despite the assurance of the attorney that the petitioning creditors had a plan of reorganization ready to submit. Nothing was shown as to what that plan may have been.

We adhere to what we said in Manati Sugar Co. v. Mock, 2 Cir., 75 F.2d 284, as to the burden on petitioning creditors to show good faith and what is necessary to discharge that burden but that decision presupposed that the duty went hand in hand with the right to have a fair opportunity to be heard. It is the denial of that right in this instance, amounting to an abuse of discretion, that makes this order erroneous and requires a new hearing.

Order reversed.