**DELATOUR et al. v. PRUDENCE REALIZATION CORPORATION.**

No. 5, Docket 20434.

October Term, 1947.

Circuit Court of Appeals, Second Circuit.

April 5, 1948.

Halpin, Keogh & St. John, of New York City (Edward S. St. John, of New York City, of counsel), for Hunter L. Delatour and Raymond Reisler, Trustees of Espade Realty Corporation.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation, appellant.

Delafield, Marsh & Hope, of New York City (Eugene Blanc, Jr., of New York City, of counsel), for appellee City Bank Farmers Trust Co.

Newman & Bisco, of New York City (David Barnett, of New York City, of counsel), for appellees Manufacturers Trust Co. as depositary and parties in the armed services.

Roger S. Foster, Sol., and Sidney H. Willner, Associate Sol., both of Philadelphia, Pa., and George Zolotar, Special Counsel, of New York City (Alexander Cohen, of Philadelphia, Pa., Ezra Weiss and Kiva Berke, both of New York City, of counsel), for Securities and Exchange Commission.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appeal is from an order entered in the proceedings, commenced on March 20, 1944, for the reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., of Espade Realty Corporation. The sole issue is whether certain holders of defaulted certificates of participation in a single mortgage on real estate of the debtor are entitled to interest at 6%, which is both the rate the mortgage bore and the legal rate of interest on debts overdue in New York, or only to interest at 5½%, the rate provided for in the certificates.

The only asset of the debtor at the time the petition for reorganization was filed was a parcel of real estate in Mount Vernon, N. Y., on which there was an apartment building. It had acquired this property in 1936 subject to an outstanding mortgage to secure a bond on which the principal sum of $577,500 was then unpaid. The mortgage had been executed in 1927 by the then owner of the property to secure a debt of $700,000, which was payable, in accordance with the terms of the bond and mortgage, with interest at 6%. In 1927, the mortgage was assigned to Prudence-Bonds Corporation. It issued certificates of participation bearing interest at 5½%. These were guaranteed by the Prudence Company, Inc., as to the payment both of interest when due and of principal when due or within a reserved grace period during which the mortgagor's default might be cured. Both the assignee and the guarantor have been reorganized in separate proceedings in the district court and, to those who are familiar with the various appeals which have been decided by this court in those proceedings, the fact that Prudence Company, Inc., completely dominated Prudence-Bonds Corporation will be well known. The appellant, Prudence Realization Corporation, is the successor of The Prudence Company, Inc. as the result of the latter's reorganization and for present purposes has all and only the interest of its predecessor.

The participation certificates were issued in accordance with an agreement of deposit made with the Chatham-Phoenix National Bank to which the mortgage was assigned as depositary.[1] The Prudence Company, Inc. then sold the certificates to the public and credited the proceeds upon the debt of Prudence-Bonds Corporation to it on account of the guaranty. Each certificate in terms assigned to the purchaser an undivided share or part of the bond and mortgage equal to the face amount of the certificate and bore interest at 5½%, payable semi-annually. Prudence-Bonds Corporation assumed no liability on the certificates[2] but it and the guarantor were, inter alia, each "author-

ized to collect all moneys payable under the terms of said mortgage; * * * [and] account to the holder of this certificate for his share of the principal and for interest at the rate of 5½% per annum thereon, payable under the terms of this certificate and to retain any balance of moneys collected * * *" Each certificate bore the endorsement of The Prudence Company, Inc., which so far as is now material read as follows: "The Prudence Company, Inc. hereby certifies to the holder of the within certificate, that by the guarantee therein mentioned and now in the possession of the depositary named in the Deposit Agreement referred to in said certificate, it has guaranteed payment of the interest on said certificate when due, and the payment of principal thereof when due, or within eighteen months thereafter, together with interest thereon after maturity at the rate specified in said certificate, until payment is effected or offered, as provided in said certificate."

On October 1, 1932, the mortgagor defaulted in the payment of an interest installment and the mortgage by its terms then became due. None of the principal was ever paid until after the present proceedings were begun. Interest was paid to the holders of the certificates by the guarantor, however, until April 1, 1933, when it defaulted on its guaranty. On September 21, 1932, the Prudence Company, Inc. had taken an assignment of the rents and thereafter it and its successor, the appellant, collected and accounted for them until the property was sold, the net proceeds from the rents being distributed to certificate holders to apply on the overdue interest.

Before January 30, 1933, The Prudence Company, Inc. had acquired either by direct purchase from the public holders, or otherwise, certificates in the amount of $189,713.97. During its own reorganization proceedings and those of Prudence-Bonds Corporation, its trustees also acquired all of the interest of Prudence-Bonds Corporation in any of the issues of the latter's certificates which The Prudence Company, Inc. had guaranteed, as well as

---

[1] The Manufacturers Trust Company is the successor depositary.

[2] In re Prudence Bonds Corporation, 2 Cir., 79 F.2d 212.

in an uncertificated portion of the mortgage, to the amount of $7,700, which had been retained by Prudence-Bonds Corporation. The remaining certificates, aggregating $380,086.03, are held by the public.

On December 4, 1945, the appellant consented to the subordination of its claim against the debtor, based on the repurchased certificates, to the claims based upon the other certificates, doing so in recognition of the effect of the decision of this court in In re 1934 Realty Corporation, 2 Cir., 150 F.2d 477, certiorari denied, Prudence Realization Corp. v. Hurd Committee, 326 U.S. 734, 66 S.Ct. 43, 90 L.Ed. 437. As a result of subordination, the publicly owned certificates became entitled to priority in payment over the certificates now held by appellant.

During the reorganization proceedings of this debtor, the property covered by the mortgage was sold and the net proceeds of the sale are more than sufficient to pay all the public certificate holders in full whether interest is allowed at 6% or at 5½%. There are seven and one-half years of interest arrearages. Interest at 6% was allowed in the order below.

The appellant claims that the purchasers of the certificates acquired an undivided share in the mortgage itself with interest at 5½%, to be paid as provided in the certificates, and that to the extent of the difference between the interest rate of the mortgage and that of the certificates the Prudence-Bonds Corporation remained a part owner of the mortgage. In this view it, and therefore the appellant, would be entitled to the satisfaction of its claim out of the proceeds of the mortgage in the right of a partial owner thereof. This would be true regardless of any default of the guarantor, since the claim is not based upon any theory of compensation for the so-called servicing of the mortgage or for making the guaranty.

The contention of the appellees is that the certificate holders, as the owners of undivided shares in the mortgage, which in the aggregate equalled its principal certificated amount, owned that portion of the mortgage as tenants in common and are entitled to interest at 6% either under the mortgage terms or, that being the New York legal rate, as damages for the delay in payment after maturity of the certificates. It was held below that they were entitled on both theories to the interest they claimed.

We think, however, that the order was right on the first theory and accordingly put our decision on that alone. These certificates did not assign a participating interest in a pool of mortgages, subject to withdrawal and replacement provided the pool was not depleted, as was the case in People v. Title & Mortgage Guarantee Co. of Buffalo, 264 N.Y. 69, 190 N.E. 153, 96 A.L.R. 297, and Prudential Ins. Co. v. Liberdar Holding Corp., 2 Cir., 72 F.2d 395. Rather, the certificates provided for participation in a single mortgage and the certificate holders acquired, as their certificates in terms provided, "an undivided share or part" of the mortgage itself, equal to the face amount of the certificates. The certificates were payable only as interest and principal were collected on the mortgage and as payment was guaranteed by The Prudence Company, Inc. The certificate holders by virtue of their status as the owners of the mortgage were, therefore, entitled "to have the mortgage paid in accordance with its terms and the guaranty of Prudence Company, Inc." In re The Westover, 2 Cir., 82 F.2d 177, 180; In re Prudence-Bonds Corporation, 2 Cir., 79 F.2d 212. If the certificate holders were so paid, they could of course, claim only the 5½% interest they had agreed to take. But when both the mortgagor and the guarantor defaulted, the certificate holders became entitled each to his aliquot share of the principal of the mortgage and to the fruits of that share represented by the interest reserved in the mortgage. Neither Prudence-Bonds Corporation nor the guarantor, after the default of both the mortgagor and the guarantor, was any longer authorized to act as the collection agent of the certificate holders to receive and transmit to the latter the amounts due and to fall due upon the certificates and to retain the interest differential. Prudence-Bonds Corporation never did act as collection agent, though authorized in the certificate to do so, and no claim

to the one half of one per cent interest is now made owing to any such agency. When the guarantor defaulted, it no longer was entitled to act as agent and to be paid for its services or the unperformed part of its guaranty. In re The Westover, Inc., supra; Fearey v. Williams, 2 Cir., 72 F.2d 263; People v. Lawyers' Title & Guaranty Company, 265 N.Y. 20, 191 N.E. 720; People v. New York Title & Mortgage Company, 265 N.Y. 30, 191 N.E. 723.

█ We have held, in In re Realty Associates Securities Corporation, 2 Cir., 163 F.2d 387, certiorari denied, Manufacturers Trust Co. v. Realty Associates Sec. Corp., 68 S.Ct. 218, that, where a corporation had agreed to pay certain bondholders 5% interest until the principal of each bond was "duly paid," the bondholders were entitled to receive only 5% interest after maturity of the bonds. It becomes necessary, therefore, to determine whether the certificate holders here were similarly circumscribed by the terms of their certificates. The appellant insists that they were and points to that part of the certificates' guaranty provisions, above quoted, which reads "together with interest thereon after maturity at the rate specified in said certificate." Considered alone, this phrase seems to support the argument that the certificates themselves limited the interest due holders during any length of time after maturity to the same rate due them before maturity, i. e., 5½%. But, the words, when examined in their context, we think, may not be so construed. The certificates were made payable by reference to the payments on the mortgage. The guaranty was for the "payment of interest on the certificate when due, and the payment of principal thereof when due, or within eighteen months thereafter" and then followed the provision above quoted for the payment of interest after maturity at the certificate rate. It would appear, therefore, that the provision for interest at 5½% "after maturity" was inserted with reference only to the grace period following the maturity of the mortgage during which the guarantor might cure the mortgagor's default in the payment of the principal. This seems all the more clear in the light of the terms of the guaranty referred to in the certificates as being in the possession of the depositary. This provided that: "The Prudence Company, Inc. * * * guarantees to each and every holder of the certificates of participation * * * First: payment of interest when due according to the terms of each such certificate issued. Second: Payment of the principal, and of every installment thereof, as soon as collected, but in no event later than eighteen months after it shall have become due and payment thereof shall have been demanded in writing by the insured, with regular payment meantime of interest at the rate guaranteed." Needless to say, the words "with regular payment meantime of interest at the rate guaranteed," together with the absence of any clause providing for the continuance of the payment of interest at 5½% after the expiration of the eighteen month period, demonstrate, we think, that no other construction of the terms of the certificate would be reasonable.

If, then, the guarantor had cured the mortgagor's default by complying with the terms of the guaranty, the certificate holders would have been entitled to their interest only at the certificate rate. Thus the effect of the provision was to make the certificates mature at the end of the period—not to exceed eighteen months after the mortgage matured—taken by the guarantor to perform its guaranty. But when the grace period expired without the guarantor's having made good its guaranty, the limitation upon interest due holders became null and void as of the date the mortgage matured and the certificate holders became entitled to their share of the mortgage itself, or its proceeds, with interest thereon at the mortgage rate from that time.

█ We note the claim that since in the reorganization proceedings of The Prudence Company, Inc. the claims of certificate holders were, it is asserted, computed at 5½% interest up to February 1, 1935, the date of the petition for reorganization, the issue is res adjudicata. As to that it is enough to say that this record does not include the plan of reorganization of the Prudence Company, Inc. or the order confirming that plan. In the absence thereof we will not assume that the plan under-

took to go further than to deal with the liability of the guarantor on its guaranty to these certificate holders; or that it attempted to touch their right to receive in full, after the default of the guarantor, their shares of the proceeds of their own mortgage, with interest at the mortgage rate to the extent that those proceeds were sufficient to pay it.

Order affirmed.