In re WASHINGTON MEDICAL CENTER, INC., Debtor-in-Possession.

PSYCHIATRIC INSTITUTE OF WASHINGTON, INC., Plaintiff,

v.

WASHINGTON MEDICAL CENTER, INC., Defendant.

WASHINGTON MEDICAL CENTER, INC., Plaintiff,

v.

PSYCHIATRIC INSTITUTE OF WASHINGTON, INC., Defendant.

Bankruptcy No. 79–00186.

United States Bankruptcy Court, District of Columbia.

Dec. 13, 1979.

George Clark and Roger Frankel, Washington, D.C., for plaintiff Washington Medical Center, Inc.

Martin J. Gaynes and Michael G. Scheiniger of Bonner, Thompson, O'Connell & Gaynes and Murray Drabkin, of Webster & Sheffield, Washington, D.C., for defendant Psychiatric Institute of Washington.

MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

(Motion to Dismiss for Lack of Summary Jurisdiction)

The sole, threshold issue for resolution by the Bankruptcy Court at this juncture of the proceeding as a result of defendant's (Psychiatric Institute of Washington, Inc.,

hereinafter referred to as PIW) answer[1] is whether this Court has summary jurisdiction to determine a dispute between a Chapter XI debtor-in-possession (Washington Medical Center, Inc., hereinafter referred to as WMC), seeking to recover possession of certain improved real estate from the defendant tenant, who presently occupies a part of the subject premises. The defendant, PIW, claims that it is in lawful possession of the subject premises as a result of the long-term lease of the ninth floor of certain improved real property which is legally titled in the name of the plaintiff, WMC. WMC, on the other hand, claims that the occupancy of these premises was strictly subject to a memorandum of understanding and that any right to occupancy pursuant to that agreement expired on October 31, 1979. In order to successfully market the subject real estate for sale and to effect a rehabilitation under the applicable provisions of Chapter XI, the plaintiff, WMC, seeks to eject the defendant. For reasons which the Court sets forth in this opinion, the Court will assume jurisdiction of the pending controversy.

■ Despite an argument to the contrary by PIW, which was raised for the first time in its brief, the legal title to the subject real estate is scheduled in the name of WMC and the memorandum of understanding entered into between the parties, and introduced at the time of the pretrial hearing, reflects that WMC is the landlord. The defendant in this proceeding clearly

bases its right to possession of the subject premises pursuant to an alleged long-term lease and by its nature a lease acknowledges that .ownership lies in some other party or entity. (*Evans v. United States,* 251 F.Supp. 296, D.C. Oregon [1966]). Furthermore, it is a well settled principle of law that a tenant is estopped to deny the landlord's title and under the circumstances of this proceeding that principle applies with full vitality in view of the fact that the tenant is still in possession of the subject premises. *See* 49 Am.Jur.2d Landlord & Tenant § 109, pp. 141–42. Accordingly, the defendant, as a "tenant" in possession, has no legal standing in the context of this proceeding to question the nature or percentage of the defendant's partnership or ownership interest in the subject real property.[2]

■ The primary argument, raised by the defendant in respect to the summary jurisdiction of the Bankruptcy Court is ". . . that the Court has no jurisdiction with respect to that portion of the property which is and has been in the lawful possession of PIW." (Page 3, Point II, in Defendant's brief on Issue of Jurisdiction, filed December 5, 1979.) The primary issue then which confronts this Court is whether the Bankruptcy Court should exercise its summary jurisdiction when an alleged "tenant" in possession claims a leasehold interest in real estate adverse to the landlord or debtor-in-possession. For reasons which this Court has previously pro-

---

1. PIW filed a complaint to modify the stay imposed as a result of Bankruptcy Rule 11–44(a), and as a result of a complaint filed by the debtor-in-possession, WMC, to determine interest in real property, now seeks a dismissal of plaintiff's complaint, asserting that the Bankruptcy Court has no summary jurisdiction and that the matter should properly be tried in the D.C. Superior Court. At this juncture of the proceedings, and by reason of this Court's pretrial order dated November 27, 1979, the Court is treating this matter as a motion to dismiss for lack of subject matter jurisdiction.

2. Moreover, the Court feels that the distinction between beneficial ownership and title as raised by the defendant is not well taken—the debtor's schedules, and defendant's own brief, acknowledges that WMC has an ownership in-

terest—at least to the extent that WMC is a general partner. For this reason, reliance on *In re Commonwealth Bond Corporation,* (CCA 2d 1935) 77 F.2d 308, 29 Am.B.R. (N.S.) 28 is misplaced because in that case the debtor's interest was strictly that of a recognized fiduciary. Further, it is the opinion of this Court that the defendant has no legal standing to assert that Section 5(i) of the Bankruptcy Act derogates from the Court's exercise of summary jurisdiction under the facts of this case. The potential issue, if any, raised by the defendant as to the nature and extent of WMC's ownership is not for resolution vis-a-vis the defendant in this proceeding in view of this Court's holding that a tenant is estopped to deny his landlord's title.

pounded in the case of *In re Jenifer Mall Corporation*, 1 B.C.D. 199 D.C. (1974), the Court must decide this issue adversely to defendant PIW. In other words, the express language of § 311 of the Bankruptcy Act (11 U.S.C. § 711) provides a broader jurisdictional base than in ordinary bankruptcy proceedings. Therefore, in this proceeding the legal title of the debtor-in-possession WMC, furnishes an adequate basis for the assertion of this Court's summary jurisdiction. *In re Jenifer Mall Corporation, supra.*

However, there are two further legal points which must be raised and which provide additional support for this Court's holding. Firstly, the pleadings (see: Pretrial Order of November 27, 1979) raise an issue as to the defendant's claim of possession—plaintiff WMC asserts that there is no lease agreement between the parties and that the defendants are accordingly not asserting ". . . a *bona fide* adverse claim." *See* p. 4, Plaintiff's Memorandum of Points and Authorities filed herein, November 30, 1979. If this contention is, in fact, meritorious, the Bankruptcy Court could properly exercise summary jurisdiction even in a straight bankruptcy proceeding. (*See* § 23.06[12] pp. 519–520, Collier on Bankruptcy 14th Ed. Vol. 2.) The resolution of this particular issue, however, would ordinarily await a preliminary hearing on the merits and hence would add considerably to delay of a speedy resolution of the pending controversy. This readily apparent judicial conundrum points out the reason why the Bankruptcy Reform Act has vested the newly created Bankruptcy Courts with broad judicial powers. As a matter of fact, the new court system has ". . . exclusive jurisdiction over all of the property, wherever located of the debtor, as of the commencement of such case." See 28 U.S.C. § 1471(e), as enacted by Bankruptcy Reform Act, BRA § 241. Such a "pervasive" grant of jurisdiction completely erases the jurisdictional problems created by the facts of this proceeding. In this regard, the language employed in § 311 of the Bankruptcy Act is substantially identical to the jurisdictional grant set forth in the new

code and provides an arguable point under the old act that the grant of jurisdiction in Chapter XI is broader than in straight bankruptcy. See note, Summary Jurisdiction under Chapter XI of the Bankruptcy Act: *Collier v. Remington,* 59 Georgetown Law Journal, 1935 (1971). In determining this Court's exercise of jurisdiction, where the issue was admittedly a contested and unclear one under the old Act, the Court feels that the new Code may be cited as persuasive authority in resolving this controversy. In *Selby v. Ford Motor Company* (C.A. 6th Cir, 1979) 590 F.2d 642, the Court held:

"In view of the fact that the current Bankruptcy Act is silent on the subject of statutory trusts, we believe that it is proper to use the new Act as persuasive authority in *interpreting* the old . . ." [emphasis my own]

Certainly, based on the deliberate choice of language in setting forth the new court's grant of jurisdiction (see § 1471 *supra*) and comparing this in turn with the language employed in the old Act (§ 311 of the Bankruptcy Act), the Court is of the firm opinion that the exercise of summary jurisdiction in this proceeding would be entirely proper and consistent with the goals of Chapter XI.

It is important to note, moreover, that the rehabilitative aspects of Chapter XI will be best served by this approach and will promote an expeditious and orderly resolution of the pending controversy by not having to remand the case to another court—in this case, the D.C. Superior Court.

A final issue has been raised by the parties which deals with the issue of implied consent (see Point III of PIW's brief and Point III in Plaintiff's Memorandum of Points and Authorities) to the summary jurisdiction of the Bankruptcy Court by reason of PIW's participation in these proceedings to date. Suffice it to say that this Court feels that the plaintiff's position is not well taken in view of the fact that the actions taken by the defendant, PIW, were not inconsistent with the view now espoused

and set forth in its pleadings. At any rate, in view of this Court's holding, nothing further need be said as to this issue.

For the reasons set forth above, this Court declines to dismiss the pending adversary proceeding instituted by the plaintiff, WMC, and will proceed to a trial on the merits as provided for by this Court's prior Pretrial Order of November 27, 1979.